**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Ah Sing,<br><br>            Plaintiff,<br><br>vs.<br><br>Hawaii Dep't of Public Safety, et al., et al.,<br><br>            Defendants. | No. CV 12-2553-PHX-GMS (MEA)<br><br>**ORDER** |

On July 26, 2012, Edmund M. Abordo and Cedric Ah Sing, Hawaiian inmates confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition) in the Circuit Court for the First Circuit of the State of Hawaii, matter No. CV12-1-0441. (Doc. 1, ex. A.) In their Petition, Abordo and Ah Sing asserted that they were being held in violation of their Fourteenth Amendment rights and Hawaii state law based on their conditions of confinement at SCC. (Id.) They named the Hawaii Department of Public Safety (DPS) and the State of Hawaii as ostensible respondents (hereafter "Defendants"). (Id.) In an Order filed on August 6, 2012, the state court directed that documents filed in CV12-1-0441 be forwarded to the Clerk of Court to be processed as a civil proceeding, specifically, a civil rights case, and served on Defendants. (Doc. 1, ex. B.) On September 7, 2012, Defendants removed the case from Hawaii state court to the District Court for the District of Hawaii. (Id.) On September 28, 2012, DPS filed a motion for transfer of venue. (Doc. 8.) On November 5, 2012, the Hawaii District

1  Court severed the case into two actions, with Ah Sing assigned a new case number, CV12-
2  0599. (Doc. 14.) On November 21, 2012, the Hawaii District Court denied a motion to
3  remand to state court and granted DPS's motion for change of venue and transferred both Ah
4  Sing's and Abordo's cases to this District as the proper venue. See Ah Sing v. Hawaii Dep't
5  of Public Safety, No. CV12-2553-PHX-GMS, doc. 16; Abordo v. Hawaii Dep't of Public
6  Safety, No. CV12-2554-PHX-FJM, doc. 19. In doing so, the Court noted that if the action
7  had been originally filed in federal court, it would have been construed as a civil rights
8  complaint and reviewed under § 1983, rather than § 2254. (Doc. 16 at 3.)

9  The Court will designate the "Petition" as a "Complaint" and Ah Sing as "Plaintiff".
10 The Court will dismiss Plaintiff's federal claims and remand his Hawaii state law claims to
11 the Hawaii state court.[1]

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] DPS filed a motion to screen the Complaint. (Doc. 21.) Because the Prison Litigation Reform Act (PLRA) requires screening of prisoner complaints, Defendant's motion for a screening order will be denied as moot. Plaintiff has filed an ex parte motion to stay the case or appoint counsel, which the Defendants oppose. (Doc. 20, 22.) For the reasons discussed below, that motion will be denied.

1  statements, do not suffice." Id.

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
3  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
4  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
5  that allows the court to draw the reasonable inference that the defendant is liable for the
6  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
7  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
8  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
9  allegations may be consistent with a constitutional claim, a court must assess whether there
10 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

11 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
12 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
13 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
14 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
15 94 (2007) (*per curiam*)).

16 **II.  Complaint**

17 Plaintiff alleges three grounds for relief. In Ground One, he asserts "[i]llegal custody,
18 illegal restraint which violates 14th Amend. violates the compact clause and HRS §§ 103D-
19 302, 304, 303, 319 et seq., and HRS § 481-1-9" where "DPS violated the procurement laws
20 of the State of Hawai'i which exiled and abandoned petitioners to persons not trained as
21 correctional officers in a harsh environment." (Doc. 1, ex. A at 5.) In Ground Two, he
22 asserts that "DPS has given people of normal stature the power to punish petitioners, who
23 have no power to investigate or arrest, as according to laws of HRS" where "DPS has placed
24 petitioners in custody of people who have no background in Corrections no valid contract
25 that exist legally, and let those people to conduct illegal cell search." (Id.) In Ground Three,
26 Plaintiff asserts that "DPS have recklessly ignored all constitutional violation, and
27 encouraged and engaged in illegal acts and omissions which resulted in atrocities here"

28

where "Petitioners were subjected to retaliations for filing law suits, which had petitioners placed in Seg. which CCA guards failed to afford any due process, which DOS knew of bt [sic] contract." (Id.)  As noted above, Plaintiff filed this case against DPS and the State of Hawaii.

**III.     Failure to State a Claim under § 1983**

A plaintiff may seek relief for violations of his federal constitutional or statutory rights under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff sues the State of Hawaii and DPS.  Under the Eleventh Amendment to the Constitution of the United States, ordinarily neither a state nor a state agency may be sued in federal court without its consent.  Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Further, although a state may waive its Eleventh Amendment immunity by removing an action to federal court, as DPS did in this case, see e.g. Pittman v. Oregon, Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2007); Embury v. King, 361 F.3d 562, 564-65 (9th Cir. 2004); Peterson v. State of California Dep't of Corr. & Rehab., 451 F. Supp.2d 1092, 1099 (E.D. Ca. 2006); Morgan v. Arizona, No. 06-346-TUC-FRZ, 2007 WL 2808477, at *8 (D. Ariz. Sept. 27, 2007); neither the State of Hawaii nor DPS is a "person" within the meaning of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency); Blaisdell v. Hawaii Dep't of Public Safety, No. CV12-0554, 2012 WL 5880685, at *3 (D. Haw. Nov. 21, 2012); Augustin v. Dep't of Public Safety, No. CV09-00316, 2009 WL 2591370, at*3 (D. Haw. Aug. 24, 2009); see also Kruse v. State of

Hawai'i, 68 F.3d 331, 334 n. 2 (9th Cir. 1995). Accordingly, to the extent that Plaintiff asserts claims under § 1983 against the State of Hawaii or the DPS, his claims will be dismissed without leave to amend because he cannot state a claim under § 1983 against these Defendants.

## IV.     State Law Claims

Plaintiff also asserts state law claims. Where a federal court has original jurisdiction over an action, such as a case asserting constitutional violations pursuant to 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely related state law claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). Plaintiff's federal claims are being dismissed because he seeks such relief against Defendants who may not be sued in federal court and are not "persons" under § 1983. The Court declines to exercise supplemental jurisdiction over his state law claims; the Court will remand those claims to the Hawaii state court where this action was originally filed. See 28 U.S.C. § 1441(c)(2).

## V.     Motion for Stay

Plaintiff has filed a motion to stay this case or appoint counsel to represent him. He indicates that another prisoner initiated these proceedings and that Plaintiff lacks the skill to proceed with his claims absent the assistance of counsel.

Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

The legal issues involved in this case do not present exceptional circumstances and Plaintiff has not shown a likelihood of success or that he is unable to articulate his claims in

light of the complexity of the legal issues. For the above reasons, the Court will deny Plaintiff's motion.

### Conclusion

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). In this case, Plaintiff may not obtain relief under § 1983 against the only Defendants. Therefore, his federal claims will be dismissed without leave to amend and with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which will be remanded to the Hawaii state court where this action was originally filed. See 28 U.S.C. § 1441(c)(2).

**IT IS ORDERED:**

(1) Plaintiff's ex parte motion for stay is **denied**. (Doc. 20.)

(2) Plaintiff's federal claims are **dismissed with prejudice**. (Doc. 1, ex. A.)

(3) Defendants' motion to screen Complaint is **denied** as moot. (Doc. 21.)

(4) Plaintiff's state law claims are **remanded** to the Circuit Court of the First Circuit for the State of Hawaii. (Doc. 1, ex. A.)

DATED this 17th day of January, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge